IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:06cv33

| | |
|---|---|
| MARIAN T. MAY; and WILLIAM D. MAY, <br><br> Plaintiffs, <br><br> Vs. <br><br> TOWN OF HIGHLANDS; and SCI NORTH CAROLINA FUNERAL SERVICES, INC., doing business as BRYANT FUNERAL HOME, <br><br> Defendants. | MEMORANDUM OF DECISION and ORDER |

**THIS MATTER** is before the court upon the consent of the parties entered in accordance with 28, United States Code, Section 636(c), and upon defendant Town of Highlands' Motion to Dismiss (#6), Highland's memorandum of Law in Support (#7), and plaintiff's Memorandum in Opposition (#11). The Town of Highlands has not submitted a reply. L.R. 7.1(B)(W.D.N.C.). Having carefully considered Highland's motion and the arguments presented in the respective briefs, the undersigned enters the following findings, conclusions, and decision denying the Motion to Dismiss.

### FINDINGS AND CONCLUSIONS

**I.  Introduction**

This is an action for personal injuries sustained by plaintiff Marian T. May when she fell into an open grave while attending a funeral for a friend. Plaintiff's

husband has also brought claims for loss of consortium. This action is before this court based on the court's diversity jurisdiction. The Town of Highlands has moved to dismiss the Complaint against it contending that plaintiffs have: (1) failed to sue them in the Bryson City Division of this court, Fed.R.Civ.P. 12(b)(3); and (2) failed to state cognizable claims, Fed.R.Civ.P. 12(b)(6).

## II. Applicable Standards

### A. Rule 12(b)(3)

In accordance with Rule 12(b)(3), a court may dismiss a complaint for improper venue or transfer venue to a court where it could have been brought. 28 U.S.C. § 1406(a).

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). When considering a motion to dismiss for improper venue, a court must accept the facts alleged in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. Micromuse, Inc. v. Aprisma Management Technologies, Inc., 2005 WL 1241924, *2 (S.D.N.Y. 2005).[1]

Where as here the court's jurisdiction is founded solely on diversity of citizenship, Section 1391(a) provides that venue is only appropriate in

(1) a judicial district where any defendant resides, if all defendants reside in the same State,

---

[1] Due to limits of electronic case filing, a copy of such unpublished opinion is incorporated into the electronic record through reference to the Westlaw citation.

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

### B. Rule 12(b)(6) Standard

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001).

While the court accepts factual allegations in the complaint as true and

considers the facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motions, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff.

## III. Discussion

### A. Rule 12(b)(3) Motion to Dismiss for Improper Venue.

The Town of Highlands contends that it is entitled to dismissal of this action because it was filed in the Asheville Division rather than the Bryson City Division, which encompasses the County of Macon wherein the Town of Highlands is located. Review of the pleadings reveals that this action was filed in the Bryson City Division, as the docket number, 2:06cv33, indicates. That plaintiffs placed "Asheville Division" in the caption of their Complaint is of no import or consequence. The

undersigned will, therefore, deny Highland's Motion to Dismiss made pursuant to Rule 12(b)(3).

**B.  Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim.**

For the limited purpose of the pending motion, the court has considered the facts alleged by plaintiffs in their Complaint to be true.

### 1.  Factual Allegations

Plaintiffs are citizens and residents of the State of Georgia. Complaint, at ¶ 1. Defendant Town of Highlands is a municipality of the State of North Carolina, and has waived its sovereign immunity because it either is insured, participates in a local governmental risk pool, or uses a funded reserve pool and adopted a resolution designating the pool to be the same as the purchase of insurance. Id., at ¶ 2.  The Town of Highlands owns and operates a cemetery known as Highlands Memorial Park. Id., at ¶ 7.

On or about June 9, 2004, Jean Murphy Henderson, Mrs. May's friend, died and a funeral service was arranged by the decedent's family with defendants in this action. Id., at ¶ 8.  The Highlands Memorial Park is a cemetery under the direct control and responsibility of the Town of Highlands, which is operated by the Town of Highlands as a proprietary activity. Id., at ¶ 9. In preparation for the grave side service, the Town of Highlands and/or SCI North Carolina Funeral Service, Inc. contracted with JJ's Landscaping & Lawn Maintenance, Inc.[2] to dig the grave. Id., at ¶ 10. Employees of SCI delivered to the grave dug by JJ's Landscaping & Lawn

---

[2] Plaintiffs have taken a Rule 41(a)(1) dismissal as to such defendant.

Maintenance, Inc., a casket containing the remains of Jean Murphy Henderson, four 2" x 8" pieces of lumber to surround the grave, and a green rug to cover the lumber and a casket lowering mechanism. Id., at ¶ 11.

On or about June 12, 2004, Mrs. May was visiting the grave site at Highlands Memorial Park in Highlands, North Carolina, for the purpose of a funeral service. Id., at ¶ 12. During her visit, Mrs. May attempted to place flowers on the casket, stepping onto the green carpeting covering either the grave or an edge that was weak and collapsing and fell through the carpet, into the grave and onto the cement vault of her deceased friend. Id., at ¶ 13. The side of the grave had deteriorated, id., at ¶ 14, such was a latent condition hidden by the green rug, id., at ¶ 15, and the Town of Highlands, its agents or employees, had either actual or constructive knowledge of the deteriorated grave and lack of plywood over the entire grave. Id., at ¶ 16. According to plaintiffs, the green rug appeared to be a proper place to step. Id., at ¶ 17.[3]

## 2. Legal Contentions

Based on such factual allegations, plaintiffs contend that the accident occurred as a direct and proximate result of the negligence and recklessness of the agents and employees of the defendants, including those of the Town of Highlands, and that such defendants failed to do the following acts:

    a.    inspect and make safe its premises for the use of the general public or

---

[3] Plaintiffs have included two paragraphs numbered "17" and two paragraphs numbered "18". Reference herein to such paragraphs is to the first paragraphs 17 and 18.

    invitees;

 b. maintain the property in a reasonably safe condition for the use of the general public;

 c. correct dangerous conditions which the defendants knew, or should have known, by the use of reasonable care existed;

 d. to warn the plaintiff of a dangerous condition;

 e. to use the degree of care and protection that a reasonable and prudent person would have used under the same or similar circumstances;

 f. to dig the grave the appropriate size;

 g. to place plywood sheeting over the grave to prevent the public from falling into the grave;

 h. to guard or warn Plaintiff of the latent danger; and

 i. hiding the dangerous condition and not disclosing it.

Id., at ¶ 18. Plaintiffs have asserted two causes of action, the first for defendants' alleged negligence as to Mrs. May and the second for Mr. May's loss of consortium.

### 3. Discussion

The Town of Highlands has presented arguments in both its six-page Motion to Dismiss and its nine-page Memorandum in Support. In order to fully address the Town of Highlands' contentions, the undersigned will reference the arguments as they were presented in the motion.

In paragraph two of the Town of Highlands' Motion to Dismiss, the town contends that plaintiffs have failed to allege any duty owed "by the Town directly to

plaintiffs, individually, and no such duty exists regarding any matters alleged in the Complaint." A similar argument is made at pages one and two of The Town of Highlands' brief. In arguing that plaintiffs have failed to allege a duty owned by the town "directly to the plaintiffs," the Town of Highlands may be attempting to argue the specificity requirements found in North Carolina's "public duty doctrine," a hybrid of which the North Carolina Supreme Court recently addressed in <u>Stein v. Asheville City Bd. Of Educ.</u>, 360 N.C. 321 (2006). The Town of Highlands has relied extensively on <u>Stein</u> in its supporting memorandum of law. In <u>Stein</u>, plaintiff sought to hold the Board of Education liable when a student shot her at an intersection in town after school hours. Apparently, school officials knew of the child's violent tendencies. Finding that plaintiff's Complaint offered no basis for concluding that the school board had the ability to control the shooter after school hours, plaintiff could not allege the "special relationship" necessary to hold the school board liable for plaintiff's harm at the hands of a third party. <u>Id.</u>, at 332.

Plaintiff's reliance on <u>Stein</u> in a premises liability action is misplaced. The "public duty doctrine" applies only in cases where a plaintiff seeks to impose municipal liability for failure to prevent the *criminal* acts of third parties. It has absolutely no application to alleged *tortious* acts of the municipality or even third parties.

> Actionable negligence occurs only where there is "a failure to exercise proper care in the performance of some legal duty which the defendant owed the plaintiff, under the circumstances in which they were placed." Moreover, in the context of the provision of police protection by a local government, the duty breached must be more

> specific than a duty owing to the general public.
>
> * * *
>
> Under the public duty doctrine, governmental entities have no duty to protect particular individuals from harm by third parties, thus no claim may be brought against them for negligence.
>
> * * *
>
> As applied to local government, this Court has declined to expand the public duty doctrine beyond agencies other than local law enforcement departments exercising their general duty to protect the public.

Wood v. Guilford County, 355 N.C. 161, 166-167 (2002).

Beyond either the requirement that plaintiff allege the purchase of insurance that waives a town's sovereign immunity, N.C.Gen.Stat. § 160A-485 (which plaintiffs have alleged) or the "public duty doctrine" (which has no application to this case) the court can not find that North Carolina applies a heightened pleading standard where a person brings a negligence action founded on premises liability against a municipality. Instead, it would appear that North Carolina treats towns in the same manner as any other landowner when faced with a Complaint asserting a common law Complaint of negligence. While there is a dearth of reported North Carolina case law concerning premises liability for accidents occurring in municipally owned cemeteries, it would appear that ordinary rules of negligence apply. Commentators have clearly opined, as follows:

> [p]ersons lawfully on cemetery premises for the purpose of visiting or decorating graves or attending a burial service are invitees, to whom the cemetery proprietor or association owes the duty to keep those portions of the premises which are used for travel, or which are so situated that use by such persons is to be expected, in a reasonably safe condition. A duty of ordinary care is owed to one who attends a funeral ceremony in a cemetery.
>
> * * *
>
> Since the operation of a public cemetery is a proprietary function,

> a municipality can be held liable for the negligent operation of the cemetery.

14 Am. Jur. 2d Cemeteries § 11.

Assuming *arguendo* that the Town of Highlands is not relying on Stein for the public duty doctrine, but is instead arguing that plaintiffs have failed to allege any "duty" generally - - as opposed to the specific allegations required under the public duty doctrine - - it has long been held in North Carolina that

> Where the facts alleged are sufficient for the law to imply a duty to warn, a specific averment of the existence of such duty is not necessary. 65 C.J.S., Negligence, s 186(e), p. 879. Nor is it necessary for the plaintiff to allege specifically that it was the duty of the defendant to do or not to do a particular thing. It is enough for him to state in a plain and concise manner the material, essential, and ultimate facts from which such duty appears, or from which the law will imply such duty. 38 Am.Jur., Negligence, Sec. 259.

Pinnix v. Toomey, 242 N.C. 358, 366 (1955). Plaintiffs' Complaint is not, therefore, subject to dismissal simply because plaintiffs failed to aver or state the Town of Highlands had a duty to use reasonable care in its operation of the cemetery, inasmuch as plaintiffs have alleged facts from which such duty can readily be discerned.

In paragraph three, the Town of Highlands further argues that the Complaint against it should be dismissed because it owed no duty to these plaintiffs because it did not contract to dig the grave. The Town of Highlands argues as follows:

> Although the Town owns Highlands Memorial Park, the Town does not make funeral arrangements and does not contract directly for excavating or closing graves. The Town had no role or duty in preparing the grave area where plaintiff fell. The Town did not contract with "JJ's Landscaping" or anyone else to "dig the grave." The Town had no role or duty in ordering, delivering, placing, securing, or inspecting the

> casket, the grave that was dug for the casket, the lumber surrounding the grave, the green rug covering the lumber, or the "casket lowering mechanism." (¶ 11) The Town owed no duty to "dig the grave the appropriate size" or to "place plywood sheeting over the grave to prevent the public from falling into the grave" as alleged in ¶ 18.

The Town of Highlands' Motion to Dismiss, at ¶ 3. The problems with this argument are: first, that on a Rule 12(b)(6) motion, this court's review is limited to facts as alleged in the Complaint, and the court simply cannot consider facts outside the pleadings; and second, such factual allegations are not in any form which a court could consider inasmuch as such factual statements fail to reference an affidavit and are not contained in a verified pleading. Thus, such factual assertions are simply those of counsel. Arguing that the facts are different than those alleged in the Complaint is more properly a summary judgment or trial argument and requires that such facts be presented in a manner admissible at trial.[4] As to whether or not the owner of a cemetery has a duty to the public for grave-site safety, the case law is not extensive. One court has held than when a woman fell into an open grave that was covered by a canvas,

> [t]he duty devolving upon defendant to keep the premises in reasonably safe condition for those visiting the cemetery, at the times when it was open to the public, is imperative; and the question of whether or not defendant was negligent in this particular was one of fact for the jury to determine from all the evidence in the case.

Cedar Hill Cemetery v. Ball, 78 F.2d 220, 221 (C.A.D.C. 1935). See also Frederick v. J. E. Hixson & Sons, 159 So.2d 599, 601 (La.App. 1964)(duty to "provide

---

[4] Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993)("To be admissible at summary judgment stage, 'documents must be authenticated by and attached to an affidavit . . . .'")

-11-

reasonably safe conditions for those attending the burial service or at least to warn of reasonably discoverable dangerous conditions," where minister fell due to adjacent capstone that had been negligently covered with artificial grass carpet).

In paragraph four, the Town of Highlands argues that the plaintiffs failed to properly allege any breach of duty. In paragraph five, the Town of Highlands expands on this theme by arguing that plaintiffs have used a "shotgun approach" against all defendants in alleging a breach of the duty of care. Again, the Town of Highlands argues that it had no role in the funeral arrangements, the digging of the grave, or the placement or non-placement of safety devices; as discussed above, such factual contentions are not properly before the court and cannot form the basis of a Rule 12(b0(6) dismissal. As to whether plaintiffs have alleged a breach of duty, plaintiffs have alleged nine breaches, more than satisfying the notice pleading requirements of Rule 8(a), Federal Rules of Civil Procedure.

In paragraph six, the Town of Highlands contends that the Complaint against it should be dismissed because plaintiffs failed to allege that "it was reasonably foreseeable by the Town that plaintiff or any other person attending the funeral would be injured in the manner alleged in the Complaint." Motion to Dismiss, at ¶ 6. Plaintiffs have, however, no obligation under notice pleading to allege that the harm was "foreseeable" inasmuch as foreseeability is part and parcel of proximate cause.

> Proximate cause is a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred, and one from which a person of ordinary prudence **could have reasonably**

**foreseen** that such a result, or consequences of a generally injurious nature, was probable under all the facts as they existed. **Foreseeability is thus a requisite of proximate cause,** which is, in turn, a requisite for actionable negligence.

Hairston v. Alexander Tank & Equipment Co., 310 N.C. 227, 233 (1984) (citation omitted) (emphasis added). Under notice pleading, plaintiffs have no duty to allege that the harm was foreseeable, but may be required at summary judgment to produce evidence from which a jury could find that the harm was reasonably foreseeable by the Town of Highlands, as foreseeability is part of the proximate cause which has been alleged. Sink v. Moore, 267 N.C. 344, 350-51 (1966). Indeed, the types of harm that could reasonably be foreseen by an owner of a cemetery may well require expert testimony and disposal of such a claim before discovery would be inappropriate..

In paragraph seven of the Motion to Dismiss, the Town of Highlands argues that a landowner is not obligated to protect a visitor from obvious and known dangers. Plaintiffs do not, however, allege that the defect was obvious, but specifically, that the defect which allegedly caused her injury was a latent condition hidden by the green rug. Id., at ¶ 15. The undersigned, therefore, finds no merit to this aspect of the Town of Highlands' Motion to Dismiss.

In paragraph eight of the Motion to Dismiss, the Town of Highlands argues that plaintiffs have "improperly allege[d]" that it was negligent in failing to place a sheet of plywood over the open grave, inasmuch as the presence of the casket lowering device indicates that "one of the primary purposes of a grave side service is to lower the decedent's casket into the hole . . . ." Motion to Dismiss, at ¶ 8. Again, this argument suffers from an attempted proffer of a fact not contained in the

Complaint, to wit, that the casket of plaintiffs' friend was to be lowered during the service, assuming a fact not yet in evidence. This court simply has no evidence at this point as to whether the placement of a sheet of plywood over the open grave is customary, whether it is customary to lower the casket during the service, or whether it is customary to complete such task after the attendees leave. It appears, however, that the plywood theory of breach is one of a number of theories plaintiffs are asserting, and the Federal Rules of Civil Procedure allow for pleading in the alternative. Fed.R.Civ.P. 8(e)(2).

Finally, in paragraph nine, the Town of Highlands argues that Mr. May's claim should be dismissed for failure to state a cause of action inasmuch as his claim is derivative of Mrs. May's claim, and must suffer from the same deficiencies that her claim suffers. Finding that Mrs. May has stated a claim for negligence, it follows that Mr. May has stated a claim for loss of consortium.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Town of Highlands' Motion to Dismiss is **DENIED** in its entirety.

The court appreciates the fine manner in which counsel have briefed these issues. The parties are hereby advised that Answers, if not already filed, are due to be filed within 10 days of the filing of this Order, that an Initial Attorney's Conference must be conducted within 14 days of such joinder of issues, and that the Certificate

of Initial Attorneys Conference must be filed within days of such conference.

                              Signed: March 23, 2007

                              _____
                              Dennis L. Howell
                              United States Magistrate Judge